IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK14-40365 |
| | ) | |
| NICOLE CORRINE BEAUVAIS, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Before the Court is Debtor's Motion to Avoid Lien of North American Title Loans. (Fil. #25). In her motion, Debtor seeks to avoid a nonpossessory, nonpurchase money security interest in her 1999 Ford Windstar. The Court received no objections or responses to Debtor's motion. For the reasons provided below, the motion is denied.

In support of her motion, Debtor claims that the Windstar is exempt under Nebraska law as a tool of the trade. *See* Neb. Rev. Stat. § 25-1556(4). Specifically, Debtor states that "the 1999 Ford Windstar the debtor seeks to avoid the lien on is used by the debtor to commute to and from work." (Fil. #25, ¶ 12). Debtor also alleges that her interest in the Windstar does not exceed the $2,400.00 statutory limit under Neb. Rev. Stat. § 25-1556(4); she did not claim other personal property exempt under Neb. Rev. Stat. § 25-1556(4); the money she borrowed from North American Title Loans (whose lien she seeks to avoid) was not used to purchase the Windstar; she is currently in possession of the vehicle; the value of the vehicle is $2,000.00; the sum due and owing to North American Title Loans is approximately $1,361.00; and there are no other liens encumbering the Windstar. Other than a copy of her Schedule C, Debtor offered no evidence in support of her motion.

Because Debtor's motion is unopposed, the Court will accept the facts alleged in the motion as true. *In re Rudicil*, 343 B.R. 181, 182 (Bankr. S.D. Ohio 2006). These allegations, however, are not sufficient to state a cognizable claim for lien avoidance under § 522(f)(1).[1]

---

[1]Despite the fact that Debtor's motion is unopposed, the Court retains the authority and obligation to review her motion and determine whether it has merit. *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 156-57 (B.A.P. 9th Cir. 1996) (in its ruling on an unopposed motion to avoid lien, the court stated: "The granting of an uncontested motion is not an empty exercise but requires that the court find merit to the motion."); *In re Kiproff*, 2006 WL 2381717, at *1 (Bankr. N.D. Ind. Aug. 16, 2006) ("Despite the fact that the motion is unopposed, the court cannot properly grant it because it fails to allege sufficient facts to state a cognizable claim for lien avoidance pursuant to § 522(f)(1)."); *In re Franklin*, 210 B.R. 560, 562 (Bankr. N.D. Ill. 1997) (in its order considering the merits of debtors' motions to avoid judgment liens, the court noted: "Critical review of uncontested motions, moreover, is consistent with a basic legal principle – that courts are not required to grant a request for relief simply because the request is unopposed."). *See also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010) (noting that bankruptcy courts have the authority and

(continued...)

Federal law determines the availability of lien avoidance. *Cleaver v. Warford (In re Cleaver)*, 407 B.R. 354, 357 (B.A.P. 8th Cir. 2009); *In re Cardwell*, 2013 WL 4874323, at *2 (Bankr. D. Neb. Sept. 12, 2013). Debtor acknowledged this principle in her motion, but asserts that Nebraska opted out of the federal exemptions (Neb. Rev. Stat. § 25-15, 105) and claims that Nebraska's definition of "tools of the trade" should apply to the Court's analysis of her motion. Under Nebraska law, a "tool of the trade" is defined to "include one motor vehicle used by the debtor . . . to commute to and from his or her principal place of trade or business[.]" Neb. Rev. Stat. § 25-1556(4).

Although Nebraska opted out of the bankruptcy exemption scheme, Nebraska law regarding whether a vehicle is exempt as a tool of the trade is not controlling in a lien avoidance context. *In re Cleaver*, 407 B.R. at 357; *In re Cardwell*, 2013 WL 4874323, at *2-3. The fact that a debtor claims an exemption in property that is or is not considered a "tool of the trade" under state law is irrelevant to the issue of whether the lien can be avoided. *In re Cleaver*, 407 B.R. at 358. The issue is whether the Windstar is a "tool of the trade" under federal law. *Id.* at 358-59.

"The Eighth Circuit has adopted a test to determine whether a vehicle is a tool of the trade, and that is: 'the reasonable necessity of the item to the debtor's trade or business.'" *Id.* at 358 (citations omitted). The only fact Debtor alleges to support her assertion that the Windstar is a tool of her trade is that she uses it to commute to and from work. This allegation, without more, is not sufficient to show she is entitled to avoid North American Title Loans' lien against her vehicle. *See In re Cardwell*, 2013 WL 4874323 *2-3 (finding that a vehicle used solely for personal purposes and for commuting to and from work is not a tool of the trade as that term is defined under federal bankruptcy law); *In re King*, 451 B.R. 884, 887 (Bankr. N.D. Iowa 2011) (citation omitted) ("It is fairly well settled that a car used only for commuting purposes cannot be considered a tool of debtor's trade."). Debtor has not offered evidence or allegations sufficient to show cause for the relief she seeks.

---

[1](...continued)
obligation to review a Chapter 13 plan to ensure that it conforms with the requirements of the Bankruptcy Code); *In re Stephenson*, 415 B.R. 436, 442 n.18 (Bankr. D. Idaho 2009) (citation omitted) ("The absence of opposition to a request [for abandonment] does not result in automatic approval; the Court must find that the request is properly advanced and well taken."); *In re Cent. Idaho Forest Prod.*, 317 B.R. 150, 154-55 (Bankr. D. Idaho 2004) (reviewing an unopposed request for allowance of administrative expense on the merits because the "Court is obligated to follow and apply the law, even where the litigants unanimously (either affirmatively or through their silence) urge otherwise.").

      Therefore, IT IS ORDERED that the motion to avoid lien of North American Title Loans under 522(f)(1) (Fil. #25) is denied.

      DATE:  June 11, 2014.

> BY THE COURT:
>
> /s Shon Hastings
> Bankruptcy Judge
> Sitting by Designation

Notice given by the Court to:
    *Amanda A. McMahon
    John A. Wolf
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.